# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WINFRED A. INFINGER,<br>    Appellant, | DOCKET NUMBER<br>AT-0831-19-0539-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>    Agency. | DATE: April 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Winfred A. Infinger</u>, The Villages, Florida, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision denying the appellant's request to revoke his waiver of his military retired pay and separate his military retired pay from his Civil Service Retirement System (CSRS) annuity. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REVERSE OPM's reconsideration decision because the determination regarding revocation of the waiver of military retired pay rests with the military, and OPM exceeded its authority when it determined that the appellant could not waive his entitlement to military retired pay.

## BACKGROUND

The appellant retired from the U.S. Air Force (USAF) on July 31, 1969, after 22 years, 6 months, and 15 days of service. Initial Appeal File (IAF), Tab 7 at 27-28. He entered on duty with the U.S. Postal Service (USPS) on January 24, 1970, and was employed with the agency until he retired under CSRS effective July 1, 1989, with just over 19 years and 5 months of creditable civilian service.[2] IAF, Tab 7 at 37, Tab 8 at 17-18, 23-25. At the time of his retirement from the USPS, the appellant was 61 years, 4 months, and 12 days of age. IAF, Tab 8 at 23. Because the appellant had not yet reached 62 years of age and had not completed 20 years of service at the time of his retirement, he was not eligible for immediate retirement based solely on his Federal civilian service. *See* 5 U.S.C § 8336(a)-(b) (noting that, in order for a covered employee to be eligible for immediate retirement, he must be at least 55 years of age with 30 years of creditable civilian service, or at least 60 years of age with 20 years of creditable civilian service); *see also Johnson v. Office of Personnel Management*,

---

[2] There appears to be some inconsistency concerning exactly how much creditable service the appellant had at the time he retired. The retirement record computation sheet OPM provided below reflects that the appellant had 19 years, 5 months, and 7 days of creditable service at the time he retired. IAF, Tab 7 at 37. OPM's initial and reconsideration decisions reflect the same service total, and clarify that 2 of the days are credit for unused sick leave. *Id.* at 12, 17. The initial decision reflects the same total. IAF, Tab 15, Initial Decision at 2. However, in its submission to the administrative judge, OPM asserted that the appellant had 19 years, 5 months, and 2 days of creditable service. IAF, Tab 7 at 5. Nevertheless, we need not resolve the apparent discrepancy because either figure still falls short of the 20 years of creditable service required for eligibility for an immediate retirement, without including any military service.

102 M.S.P.R. 589, ¶ 7 (2006). Instead, he gained such eligibility by waiving his military retired pay and thus receiving credit toward his CSRS annuity for his 22 years, 6 months, and 15 days of military service. IAF, Tab 7 at 24-27; *see* 5 C.F.R. § 831.301(c); *Johnson*, 102 M.S.P.R. 589, ¶ 7.

In a number of correspondences dating back to November 2004, the appellant requested to revoke his waiver of his military retired pay and to separate his military retired pay from his CSRS annuity. IAF, Tab 7 at 21-23, 49. OPM informed the appellant that, because he was under 62 years of age at the time he retired and did not have the requisite 20 years of Federal civilian service at that time, his military time was necessary for him to receive a CSRS annuity and, therefore, he could not revoke his waiver of military retired pay. *Id.* at 21-23. In an initial decision dated March 7, 2018, OPM formally denied the appellant's request to separate his military retired pay from his CSRS annuity. *Id.* at 17. After the appellant requested reconsideration of that decision, OPM issued a final decision affirming its initial decision. *Id*. at 15-16. OPM subsequently rescinded the reconsideration decision[3] and issued a new reconsideration decision concluding that the appellant would not have been entitled to CSRS benefits based on the amount of covered Federal civilian service he had at the time of his retirement, and, therefore, he could not revoke his waiver of his retired military pay and separate his military service pay from his CSRS annuity. *Id.* at 12-13.

The appellant subsequently filed the instant Board appeal challenging OPM's reconsideration decision. IAF, Tab 1. In his initial appeal, the appellant also argued that his former employing agency, USPS, incorrectly calculated his amount of creditable service, and provided a copy of a service award certificate

---

[3] The appellant filed a Board appeal of the rescinded reconsideration decision, which the administrative judge dismissed for lack of Board jurisdiction. *Infinger v. Office of Personnel Management*, MSPB Docket No. AT-0831-18-0777-I-1, Tab 9, Initial Decision. On April 22, 2024, the Board denied the appellant's petition for review of the initial decision. *Infinger v. Office of Personnel Management*, MSPB Docket No. AT-0831-18-0777-I-1, Final Order at 2 (Apr. 22, 2024).

reflecting that he had 29 years, 5 months, and 7 days of service with the agency, and 47 years, 7 months, and 8 days of creditable civilian service after including his military service. IAF, Tab 1 at 1; Tab 12 at 1. Additionally, the appellant argued that he should have been provided with "combat service time" when he retired, and stated that the only reason he retired when he did was to care for his four sons and his wife, who was suffering from terminal kidney cancer. IAF, Tab 1 at 1. The appellant did not request a hearing.[4] The administrative judge subsequently issued an initial decision based on the written record, affirming OPM's reconsideration decision. IAF, Tab 15, Initial Decision (ID). He concluded that OPM correctly determined that the appellant waived his right to military retired pay in order to qualify for a CSRS annuity, and consequently, the appellant could not revoke his waiver decision. ID at 1-4.

The appellant has filed a petition for review and a supplement to his petition for review. Petition for Review (PFR) File, Tabs 1, 3. The agency has filed a response to the petition for review, and the appellant has not filed a reply. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant again requests to revoke his waiver of his military retired pay, and appears to indicate that he does not want his CSRS annuity. PFR File, Tab 1 at 1. The appellant also restates his argument that, at the time of his retirement, his former employing agency informed him that he had 29 years, 5 months, and 7 days of Federal civilian service and consequently requests that he be credited with the 6 months and 23 days of Federal service necessary for entitlement to a CSRS annuity based solely on his Federal civilian service, and he attaches a copy of the USPS service award certificate. PFR File, Tab 1 at 1-2, Tab 3 at 1.

---

[4] On review, the appellant acknowledges the administrative judge's assertion that he did not request a hearing, but notes that he did not do so because he would not be physically able to attend a hearing due to his disability. Petition for Review File, Tab 1 at 1.

An appellant bears the burden of proving his entitlement to retirement benefits by preponderant evidence. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). Pursuant to 5 U.S.C. § 8332(c)(1)(B), a Federal employee covered under CSRS generally is entitled to credit, for purposes of computing a basic retirement annuity, for "each period of military service performed after December 31, 1956, and before the separation on which the entitlement to annuity under this subchapter is based, only if a deposit (with interest, if any) is made with respect to that period, as provided in section 8334(j) . . . ."[5] However, as detailed below, section 8332(c)(2) provides that, except under certain circumstances, an employee usually cannot receive both military and civilian retirement service credit for the same periods. *See Forsythe v. Office of Personnel Management*, 85 M.S.P.R. 593, ¶ 9 (2000). Section 8332(c)(2) states the following:

> If an employee or Member is awarded retired pay based on any period of military service, the service of the employee or Member may not include credit for such period of military service unless the retired pay is awarded—
> (A) based on a service-connected disability—
> > (i) incurred in combat with an enemy of the United States; or
> > (ii) caused by an instrumentality of war and incurred in line of duty during a period of war as defined by section 1101 of title 38; or
> (B) under chapter 1223 of title 10 (or under chapter 67 of that title as in effect before the effective date of the Reserve Officer Personnel Management Act).

5 U.S.C. § 8332(c)(2).

Under 5 U.S.C. § 8336(a), an employee who is separated from the service after becoming 55 years of age and completing 30 years of service is entitled to a CSRS annuity, and under subsection 8336(b), an employee who is separated from the service after becoming 60 years of age and completing 20 years of service is

---

[5] "Military service" means honorable active service in the armed forces. 5 U.S.C. § 8331(13). It is undisputed that the appellant's military service qualifies under this definition.

entitled to an annuity. Additionally, as noted above, an employee entitled to military retired pay who would otherwise be ineligible for an immediate retirement under 5 U.S.C. § 8336 may nonetheless still qualify for a CSRS retirement annuity if he executes a waiver of his right to military retired pay, adding his military service to his Federal civilian service for annuity computation purposes in order to meet the eligibility requirements identified above. 5 C.F.R. § 831.301(c). As the administrative judge correctly noted, the appellant did not qualify for a CSRS annuity based on his civilian service alone and therefore needed his retired military service included with his Federal civilian service in order to be entitled to a CSRS annuity. 5 C.F.R. § 831.301; ID at 3.

<u>OPM exceeded its authority when it concluded that the appellant was "permanently bound" to his election to waive his military retired pay and could not revoke that decision.</u>

Although the administrative judge correctly concluded that the appellant needed his military retired service included with his Federal civilian service to obtain entitlement to a CSRS annuity, it does not follow that OPM was correct in denying the appellant's request to revoke his waiver of his military retired pay. In addressing a similar set of facts in *Black v. Office of Personnel Management*, 37 M.S.P.R. 544 (1988), the Board agreed with OPM's concession that it lacked the authority to make a determination regarding an appellant's request to revoke his waiver of his military retired pay, and instead, the authority to make that determination rested with the military component responsible for administering the military retired pay. *Black*, 37 M.S.P.R. at 545-47. As is the case here, the appellant in *Black* retired from his Federal civilian position before obtaining 20 years of Federal civilian service, and before reaching 62 years old, and therefore his military service was necessary to establish his entitlement to a CSRS annuity. *Id.* at 545. After determining that he might be better off financially if he remained in the military retirement system, the appellant in *Black* filed a request with OPM to revoke his waiver of his military retired pay. *Id.* OPM

denied the appellant's request to revoke his waiver, noting that his military service was necessary to establish entitlement to a CSRS retirement, and affirmed the denial in a reconsideration decision. *Id.* After the appellant appealed OPM's decision to the Board, OPM moved to dismiss the appeal for lack of jurisdiction, arguing that it had erred in concluding that it had the authority to determine that the appellant could not revoke his waiver of his military retired pay, acknowledging instead that this authority rested solely with the Department of the Air Force—the military component with which the appellant completed his military service. *Id.* at 545-46. Consequently, OPM rescinded its initial and reconsideration decisions, divesting the Board of jurisdiction over the appeal, and the Board affirmed the initial decision dismissing the appeal for lack of jurisdiction on that basis. *Id.* at 546-47.

Similarly, in *Johnson*, the Board applied the reasoning in *Black* to modify the initial decision in that case to make clear that OPM did not have the authority to make a determination regarding the appellant's ability to revoke his waiver of military retired pay, and thus OPM erred in its reconsideration decision when it purported to determine that the appellant's waiver was irrevocable. *Johnson*, 102 M.S.P.R. 589, ¶ 9. Consistent with *Black*, the Board instructed Mr. Johnson to petition the Department of the Army to seek revocation of his waiver.[6] *Id.* Based on the Board's decisions in *Black* and *Johnson*, we conclude that OPM did not have the authority to determine that the appellant was "permanently bound" to his election to waive his military retired pay and could not revoke that decision,

---

[6] The ultimate matter at issue in *Johnson* concerned the apportionment of the appellant's former spouse's share of his annuity, of which the waiver revocation issue only formed a part of the basis for the appellant's OPM and Board appeals. *Johnson*, 102 M.S.P.R. 589, ¶¶ 2-5, 9. Consequently, for the purpose of resolving the apportionment matter, the Board acknowledged that "for the meantime," OPM and the Board could rely on the fact that the appellant's waiver remained in effect and had not been revoked. *Id.*, ¶ 9. Unlike in *Johnson*, however, in the instant case, OPM's erroneous determination that the appellant is "permanently bound" to his election to waive his military retired pay forms the entire basis of the appellant's appeal to OPM, and a determination on this matter is necessary for resolution of this appeal. IAF, Tab 7 at 13; *see Black*, 37 M.S.P.R. at 545-46; *cf. Johnson*, 102 M.S.P.R. 589, ¶ 9.

and thus erred when it made that determination in its final decision. *See* IAF, Tab 7 at 12-14.

Regarding the appellant's argument that his former employing agency incorrectly calculated his amount of creditable service, as the administrative judge noted, OPM did not address this argument in its initial or reconsideration decisions, and therefore this matter is not properly before the Board. IAF, Tab 1 at 1; Tab 12 at 1-2; PFR File, Tab 1 at 1-2; Tab 3 at 1; ID at 4 n.2; *see Smith v. Office of Personnel Management*, 114 M.S.P.R. 395, ¶ 8 (2010) (noting that, generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final or reconsideration decision). If the appellant so desires, he may seek a decision from OPM regarding the calculation of his civilian service, and if he is dissatisfied with OPM's final decision on that matter he may file a new appeal with the Board consistent with law and regulation. *See* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110. We note, however, that the undisputed record reflects that the appellant was born in 1928 and retired from his position with the USPS in 1989 at 61 years of age. IAF, Tab 8 at 13, 23. The undisputed record also reflects that, prior to beginning his Federal civilian service with USPS in 1970, the appellant served with the U.S. Air Force from 1947 to 1969, for a total of 22 years, 6 months, and 15 days. IAF, Tab 7 at 28-29, 31-36. This would appear to call into question the accuracy of the USPS service award certificate the appellant provided reflecting that he had 29 years, 5 months, and 7 days of Federal civilian service, because that timeline would have required the appellant to have retired from the USPS at 71 years of age in 1999, which is not supported by the record. *See, e.g.*, IAF, Tab 8 at 13-14, 23; Tab 11 at 2.

Finally, although not addressed in the initial decision, the appellant referred to "combat service time" he completed while in the military in his initial appeal filing and appeared to suggest that he was wrongfully deprived of credit in some manner for that service. IAF, Tab 1 at 1. Although not entirely clear, the

reference to "combat service time" may be intended as a reference to combat-related special compensation (CRSC) benefits. 5 U.S.C. § 8332(c)(2) provides a limited exception to the requirement that an employee waive his entitlement to military retired pay in order to receive an annuity in circumstances where a portion of an annuitant's military retired pay is "based on a service-connected disability" that was "incurred in combat with an enemy of the United States," or "caused by an instrumentality of war and incurred in line of duty during a period of war[.]" *See* 5 C.F.R. § 831.301(a); *Swan v. Office of Personnel Management*, 93 M.S.P.R. 622, ¶¶ 8-9 (2003). Although OPM addressed this potential claim in a submission to the administrative judge, it did not address it in its initial or reconsideration decisions. IAF, Tab 7 at 7-8, 12-14, 17. Therefore, to the extent the appellant's reference to "combat service time" is intended as a claim that he is entitled to CRSC benefits, this matter is not properly before the Board. If the appellant so desires, he may also seek a decision on this matter from OPM and, if he is dissatisfied with OPM's decision, file a new appeal with the Board consistent with law and the Board's regulations. *See* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110.

For the foregoing reasons, we vacate the initial decision and reverse OPM's reconsideration decision based on the fact that OPM exceeded its authority when it determined that the appellant could not revoke his waiver of his military retired pay.[7]

---

[7] We caution that it is unclear what effect successful revocation of the appellant's waiver of his military retired pay would have on his CSRS annuity, and the appellant may wish to consult with an individual well-versed in retirement benefits before seeking revocation from the military component.

**NOTICE OF APPEAL RIGHTS**[8]

This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.